STATE OF RHODE ISLAND
KENT, SC

SUPERIOR COURT

C.A. NO: KC-2007-0226

RICHARD LEE COCKLIN, SR.,
Plaintiff

VS.

ELI LILLY AND COMPANY; and FICTITIOUS DEFENDANTS A, B, C, D, E, and F, being those persons, sales representatives, firms or corporations whose fraud, scheme to defraud, negligence, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,
Defendants

## COMPLAINT AND JURY CLAIM

### JURISDICTION

1. This is a civil action brought on behalf of Plaintiff Richard Lee Cocklin, Sr., (hereinafter referred to as "Plaintiff"). Plaintiff is a citizen of the United States and the State of Rhode Island and Providence Plantations, residing at 29½ Willow Street, West Warwick, Rhode Island.

2. Defendant Eli Lilly and Company (hereinafter referred to as "Defendant Lilly") is incorporated in the state of Indiana and has its principal place of business in Indianapolis, Indiana.

### FACTS

3. At all times relevant hereto, Defendant Lilly was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceutical products including Zyprexa (Olanzapine).

4. Defendant Lilly does business in the State of Rhode Island, and on information and belief, at all times relevant hereto, manufactured, advertised, marketed, promoted, sold, and distributed Zyprexa in the State of Rhode Island.

5. Fictitious Defendants A, B, C, D, E, and F are those persons, sales representatives, district managers, firm or corporations whose fraud, scheme to

defraud, and/or other wrongful conduct caused or contributed to the injures sustained by the Plaintiff, and whose true names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained. At all times relevant thereto, the Fictitious Defendants were in the business of marketing, selling, and distributing Zyprexa in and from the state of Rhode Island, including the counties of Providence and Kent.

6. "Defendants" refers collectively to all Defendants named in this Complaint unless otherwise specified.

7. Plaintiff's claim accrued all or in part in Kent County, and Plaintiff resides in Kent County. Some of the Defendants are foreign corporations which have been and are currently engaged in business, directly or by authorized agent, in Kent County. Venue and jurisdiction are therefore proper. The claims of the Plaintiff herein satisfy the jurisdictional amount of this Court.

8. Zyprexa is among a group of drugs called "atypical antipsychotic drugs", and is approved by the Food and Drug Administration only for the treatment of schizophrenia, and bipolar mania.

9. As directed and proximate result of the ingestion of Zyprexa, Plaintiff was caused to suffer injuries and damages including, but not limited to, the onset of diabetes mellitus, physical pain and suffering, mental and emotional anguish and distress, and economic loss. Plaintiff was caused to suffer serious and permanent injuries his health, strength, and activity, and will continue to suffer mental pain, all to his general damages in sum with the jurisdiction of this Court.

10. As a direct and proximate result of the ingestion of Zyprexa, Plaintiff was required to, and did employ physicians to examine, treat and care for him, and Plaintiff incurred, and will continue to incur medical and other expenses.

11. At all times relevant hereto, the Defendants themselves, or through others, did manufacture, create, design, test, label, sterilize, package, supply, market, sell, advertise, and otherwise distribute Zyprexa.

12. Plaintiff is informed, believes, and thereon alleges, that total profits from the sale of Zyprexa exceeded hundreds of millions of dollars.

13. Zyprexa has been widely advertised by the Defendants as an effective treatment for mental disorders with fewer adverse side effects than other treatments.

14. Beginning in 1996, Defendants aggressively marketed and sold Zyprexa by misleading potential users about the safety of the product and by failing to warn users of serious dangers which Defendants knew or should have known could result from Zyprexa use.

15. The advertising, by affirmation, misrepresentation, or omission, falsely and fraudulently sought to create the image and impression that Zyprexa use was safe and had fewer side effects and adverse reactions than other methods of treatment for mental/mood disorders.

16. Defendants purposefully minimized and understated health hazards and risks associated with Zyprexa. Defendants, through promotional literature, deceived potential users of Zyprexa and their physicians by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendants falsely and fraudulently withheld relevant information from potential Zyprexa users' doctors, thereby preventing those doctors from conducting a complete and fully-informed risk/benefit analysis before prescribing Zyprexa.

17. At least as early as 1998, the medical literature conclusively revealed data which linked Zyprexa with causing diabetes mellitus. An indicative report was published on October 15, 1998 in the Society of Biological Psychiatry, Volume 44, Number 8, pages 778-8, titled "Novel Antipsychotic and New Onset Diabetes." There are other numerous reports and studies throughout medical literature from 1998 through the present which detail a causal link between the ingestion of Zyprexa and the development of hyperglycemia, metabolic syndrome, diabetes, and ketoacidosis. The known dangers of Zyprexa were never communicated by Defendants to the Plaintiff's physician who prescribed the product to Plaintiff. Plaintiff, therefore, was ignorant of Zyprexa's defects before ingesting the product.

18. The physicians who prescribed Zyprexa to Plaintiff relied on the representations made to them by Defendants prior to the date of prescribing Zyprexa for use. The physicians relied on the representations regarding the safety of Zyprexa and would not have recommended to use or prescribed Zyprexa if they had known the true facts regarding the safety of the product.

19. Prior to the date upon which Zyprexa was prescribed to Plaintiff, Defendants knew or should have known that it was extremely dangerous and unsafe for use by the general public for its intended purpose. The dangers of Zyprexa included, by way of example, the likelihood of developing hyperglycemia, diabetes mellitus, ketoacidosis, and other injuries. Defendants failed to take appropriate action to cure these defects or, alternatively, to appropriately warn users and their physicians of the product's dangerous characteristics.

20. Defendants thereby acted with malice towards plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others from engaging in similar

conduct in the future. This wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant Lilly.

## COUNT I

### (Strict Liability in Tort, Failure to Warn)

21. Plaintiff realleges paragraphs 1-20 of this Complaint as if fully set out herein.

22. At all times relevant hereto, Zyprexa was defective and unsafe in manufacture, and was so that at the time it was distributed by Defendants and ingested by Plaintiff. Zyprexa was defective in that it was not properly prepared and/or was not accompanied by proper warnings regarding all possible adverse side effects associated with the use of Zyprexa. Given the severity of the adverse effects, the warnings given did not accurately reflect the symptoms and severity of the adverse effects. Zyprexa was also defective in that the product manufactured and distributed differed from the manufacturer's intended results. These defects caused serious injuries to the consumer when used in its intended and foreseeable manner, i.e., when it was ingested as prescribed and in the manner recommended by Defendants.

23. Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonable scientifically knowable at the time of distribution. The reasonably foreseeable use of Zyprexa, i.e., ingestion to aid in treating mental disorders, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury including, but not limited to, the likelihood the user would develop diabetes mellitus.

24. The pharmaceutical drug Zyprexa, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and/or sold to distributors by Defendants was further defective due to inadequate post-marketing warning or instruction, because after Defendants knew or should have known of the risks of injury from Zyprexa, they failed to promptly respond to and warn about the likelihood of injury, including the onset of diabetes mellitus.

25. Plaintiff did not know, nor had reason to know, at the time he used Zyprexa, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused the injuries and damages to Plaintiff as alleged in this Complaint.

26. Defendants knew that Zyprexa was to be used without inspection for defects by the consumer, and that Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

**WHEREFORE**, the Plaintiff demands as follows:

1. Judgment against the Defendant, Eli Lilly and Company, et al;

2. For such relief as this Court deems meet and proper; and

3. Trial by jury.

## COUNT II

## (Negligence)

27. Plaintiff realleges paragraphs 1-26 of the Complaint as if fully set out herein.

28. Defendants had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain, supply, properly warn, prepare for use, and sell Zyprexa.

29. At all times relevant hereto, Defendants knew, or in the exercise of reasonable care, should have known, that Zyprexa was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, maintained, supplied, provided, prepared, and sold with proper warnings, it was likely to injure the user.

30. Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over-promoted, and supplied Zyprexa, that it was dangerous and unsafe for the use and purpose for which it was intended.

31. Defendants were aware of the probable consequences of their conduct. Despite the fact that Defendants knew or should have known that Zyprexa caused serious injuries, they failed to disclose the known or knowable risks associated with the product as set forth above. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of Plaintiff's safety.

32. As a result of Defendants' carelessness and negligence, Zyprexa caused Plaintiff to sustain the damages and injuries as alleged in this Complaint.

**WHEREFORE**, the Plaintiff demands as follows:

1. Judgment against the Defendant, Eli Lilly and Company, et al;

2. For such relief as this Court deems meet and proper; and

3. Trial by jury.

## COUNT III

**(Breach of Implied Warranty)**

33. Plaintiff realleges paragraph 1-32 of the Complaint as if fully set out herein.

34. At all times relevant hereto, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied, and sold Zyprexa, and prior to the time it was prescribed to Plaintiff, Defendants impliedly warranted to Plaintiff and to his agents that it was of merchantable quality and safe for the use for which it was intended.

35. Plaintiff and his agents relied on the skill and judgment of Defendants in selecting and using Zyprexa.

36. Zyprexa was unsafe for its intended use and it was not of merchantable quality as warranted by Defendants in that it had very dangerous propensities when put to its intended use, and would cause severe injury to the user. Zyprexa was unaccompanied by warnings of its dangerous propensities that were either known or reasonable scientifically knowable at the time of distribution. Zyprexa caused Plaintiff to sustain damages and injuries as alleged in this Complaint.

**WHEREFORE**, the Plaintiff demands as follows:

1. Judgment against the Defendants, Eli Lilly and Company, et al;
2. For such relief as this Court deems meet and proper; and
3. Trial by jury.

## COUNT IV

**(Breach of Express Warranty)**

37. Plaintiff realleges paragraphs 1-36 of the Complaint as if fully set out herein.

38. The aforementioned manufacturing, compounding, packaging, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying, and selling of Zyprexa was expressly warranted by Defendants to be safe for use by Plaintiff and other members of the general public.

39. At the time the express warranties were made, Defendants had knowledge of the purpose for which Zyprexa was to be used and warranted the same to be, in all respects, fit, safe, effective, and proper for such purpose. Zyprexa was

unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

40. Plaintiff and his physicians reasonable relied upon the skill and judgment of Defendants and their express warranty in using Zyprexa. The warranty and representations were untrue in that Zyprexa caused severe injuries to Plaintiff and was unsafe and, therefore, unsuited for the use for which it was intended. Zyprexa thereby caused Plaintiff to sustain damages and injuries as alleged in this Complaint.

**WHEREFORE**, the Plaintiff demands as follows:

1. Judgment against the Defendants, Eli Lilly and Company, et al;

2. For such relief as this Court deems meet and proper; and

3. Trial by jury.

**COUNT V**

**(Fraud)**

41. Plaintiff realleges paragraphs 1-40 of the Complaint as if fully set out herein.

42. Defendants falsely and fraudulently represented to Plaintiff, his physicians, and members of the general public that Zyprexa was safe for use to aid in treating mental disorders.

43. The representations by Defendants were in fact false. The true facts were that Zyprexa was not adequately tested; that there were frequent, severe, protracted, debilitating, difficult, life threatening, and disabling side effects and adverse effects from the product, that the product; caused injuries, including but not limited to diabetes mellitus; and Defendants did not disclose or warn users and their physicians about the known risk of injury in using Zyprexa. Defendants misrepresented the safety of Zyprexa, represented that Zyprexa was safe for its indicated use and concealed warnings of the known or knowable risks of injury in using Zyprexa.

44. When Defendants made these representations, they knew they were false. Defendants made these representations with the intent to defraud and deceived Plaintiff or his physicians and with the intent to induce the use of Zyprexa to aid in the treatment of mental disorders in order to increase Defendants' sales and profits.

45. At the time Defendants made these representations and at the time Plaintiff took the actions herein alleged, Plaintiff and his physicians were unaware of the falsity

of Defendants' representations and reasonably believed them to be true. In reliance upon these representations, Plaintiff was induced to, and did use Zyprexa as herein described. If Plaintiff had known the actual facts, he would not have used Zyprexa. The reliance of Plaintiff and his physicians upon Defendants' representations was justified because these representations were made by individuals and entities that appeared to be in a position to know the true facts.

46. As a result of Defendants' fraud and deceit, Plaintiff was caused to sustain the injuries and damages as alleged in this Complaint.

47. In doing the acts herein alleged, Defendants acted with oppression, fraud and malice. Plaintiff is therefore entitled to punitive damages to deter Defendants and others from engaging in similar conduct in the future. This wrongful conduct was done with advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendant.

**WHEREFORE**, the Plaintiff demands as follows:

1. Judgment against the Defendant, Eli Lilly and Company, et al;

2. For such relief as this Court deems meet and proper; and

3. Trial by jury.

**COUNT VI**

**(Negligent Misrepresentation)**

48. Plaintiff realleges paragraphs 1-47 of the Complaint as if fully set out herein.

49. Defendants had an absolute duty to disclose the true facts regarding the safety and testing of Zyprexa since they were the only entities capable of knowing and reporting the true facts. Furthermore, Defendants had a duty to ensure they had a reasonable basis for making the representations as set forth above.

50. Defendants made these representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Furthermore, Defendants were aware that without such information they could not accurately make these representations.

51. These representations were made to the physicians prescribing Zyprexa prior to the date it was prescribed to Plaintiff, and the physicians relied on the representations about the safety of Zyprexa when prescribing Zyprexa to Plaintiff.

52. At the time these representations were made, Defendants concealed from Plaintiff and his physicians their lack of information on which to base their

representations and their consequent inability to make these representations accurately.

53. Defendants made these representations with the intent to induce Plaintiff to ingest Zyprexa in order to increase Defendants' sales and profits.

54. Defendants falsely represented to Plaintiff, his physicians, and members of the general public that the Zyprexa was safe for use to aid in treatment of mental disorders. The representations by Defendants were in fact false. The true facts were that Zyprexa was not safe for its intended purpose and was, in fact, dangerous to the health and body of Plaintiff and thereby caused his injuries as alleged in this Complaint.

55. Defendants made these representations with no reasonable ground for believing them to be true. They did not have accurate or sufficient information concerning these representations. Furthermore, Defendants were aware that without such information they could not accurately make these representations.

56. At the time Defendants made these representations, and at the time Zyprexa was prescribed to Plaintiff, Plaintiff and his physicians were unaware of the falsity of these representations and reasonably believed them to be true. In reliance upon these representations, Plaintiff ingested Zyprexa as herein described. The reliance of Plaintiff and his physicians upon Defendants' representations was justified because these representations were made by individuals and entities that appeared to be in a position to know the true facts.

57. As a result of Defendants' false representations and concealment, Plaintiff was caused to sustain the herein described injuries and damages.

**WHEREFORE**, the Plaintiff demands as follows:

1. Judgment against the Defendant, Eli Lilly and Company, et al;
2. For such relief as this Court deems meet and proper; and
3. Trial by jury.

Plaintiff, Richard Lee Cocklin, Sr.
By his Attorneys,
BRIAN CUNHA & ASSOCIATES

Brian R. Cunha, Esq., RI Reg. #4074
311 Pine Street
Fall River, MA 02720
(508) 675-9500