UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD LEE COCKLIN, SR.<br>Plaintiff<br><br>VS.<br><br>ELI LILLY AND COMPANY; AND FICTITIOUS DEFENDANTS A, B, C D, E, and F, being those persons, sales representatives, firms or corporations whose fraud, scheme to defraud, Negligence, and/or other wrongful Conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br>Defendants | : | CA 07 157<br><br>C.A. No.: ______________ |

**DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

## ANSWER

Defendant Eli Lilly and Company ("Lilly"), by its counsel, hereby responds to Plaintiff's Complaint as follows:

## JURISDICTION

1. Answering paragraph 1, Lilly admits that this is a civil action by Plaintiff against Lilly, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

2. Answering paragraph 2, Lilly admits the allegations in this paragraph.

## FACTS

3. Answering paragraph 3, Lilly denies the allegations in this paragraph, except Lilly admits only that it researched, tested, developed, manufactured, marketed and sold Zyprexa® to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") regarding the risks and benefits of the medication.

4. Answering paragraph 4, Lilly denies the allegations in this paragraph, except Lilly admits only that (i) at certain times it has been authorized to do business in the State of Rhode Island; and (ii) it researched, tested, developed, manufactured, marketed, and/or sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the FDA regarding the risks and benefits of the medication.

5. Answering paragraph 5, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Answering paragraph 6, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Answering paragraph 7, Lilly admits only that at certain times it has been authorized to do business in the State of Rhode Island. Lilly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8. Answering paragraph 8, Lilly denies the allegations in this paragraph, except admits that Zyprexa® is a psychotropic agent that belongs in the thienobenzodiazepine class of medications also known as "atypical antipsychotics," that Zyprexa® is approved by the FDA for the treatment of schizophrenia, the treatment of acute mixed or manic episodes associated with Bipolar I Disorder, and maintenance monotherapy for Bipolar Disorder, and that the combination of Zyprexa® with Lithium or Valproate is indicated for the short-term treatment of acute manic episodes associated with Bipolar I Disorder.

9. Answering paragraph 9, Lilly denies the allegations in this paragraph.

10. Answering paragraph 10, Lilly denies the allegations in this paragraph.

11. Answering paragraph 11, Lilly denies the allegations in this paragraph, except admits only that it researched, tested, developed, manufactured, marketed, and/or sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the FDA regarding the risks and benefits of the medication. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

12. Answering paragraph 12, Lilly is without knowledge or information as to Plaintiff's meaning of the term "total profits," and therefore denies the allegations in this paragraph, except Lilly admits that the sales figures for Zyprexa® are disclosed in its filings with the Securities and Exchange Commission ("SEC"), which are publicly available, and denies any characterization or interpretation inconsistent with these documents when read in context and in their entirety.

13. Answering paragraph 13, Lilly denies the allegations in this paragraph, except admits only that it researched, tested, developed, manufactured, marketed, and/or sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the FDA regarding the risks and benefits of the medication. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

14. Answering paragraph 14, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

15. Answering paragraph 15, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

16. Answering paragraph 16, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

17. Answering paragraph 17, Lilly denies the allegations in this paragraph, except Lilly admits that medical literature reporting on medical research involving Zyprexa® is published in multiple medical journals, but denies Plaintiff's description of the literature to the extent that it conflicts with such literature when read in context and in its entirety. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

18. Answering paragraph 18, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Answering paragraph 19, Lilly denies the allegations in this paragraph, except Lilly admits that information regarding the safety profile of Zyprexa® was contained in the FDA-approved Package Insert for Zyprexa®, and any characterization of the Zyprexa® product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa® when the Insert is read in context and in its entirety is denied. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

20. Answering paragraph 20, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph that are directed to the fictitious defendants.

## COUNT I

## (STRICT LIABILITY IN TORT, FAILURE TO WARN)

21. Answering paragraph 21, Lilly incorporates by reference, as though fully set forth herein, its answers to paragraphs 1-20 of Plaintiff's Complaint.

22. Answering paragraph 22, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

23. Answering paragraph 23, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

24. Answering paragraph 24, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

25. Answering paragraph 25, Lilly denies the allegations in this paragraph, including the allegation that there were "defects" in Zyprexa® that Plaintiff was unaware of.

26. Answering paragraph 26, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

**COUNT II**

**(NEGLIGENCE)**

27. Answering paragraph 27, Lilly incorporates by reference, as though fully set forth herein, its answers to paragraphs 1-26 of Plaintiff's Complaint.

28. Answering paragraph 28, Lilly denies the allegations in this paragraph, except admits that it had a duty to exercise reasonable care in the research, testing, development, manufacturing, labeling, warning, marketing, and sale of Zyprexa®. Lilly denies that it breached any such duty. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

29. Answering paragraph 29, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

30. Answering paragraph 30, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

31. Answering paragraph 31, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth y of the allegations in this paragraph that are directed to the fictitious defendants.

32. Answering paragraph 32, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

**COUNT III**

**(BREACH OF IMPLIED WARRANTY)**

33. Answering paragraph 33, Lilly incorporates by reference, as though fully set forth herein, its answers to paragraphs 1-32 of Plaintiff's Complaint.

34. Answering paragraph 34, Lilly admits only that it researched, tested, developed, manufactured, marketed, and/or sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the FDA regarding the risks and benefits of the medication. Lilly denies the remaining allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

35. Answering paragraph 35, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's and Plaintiff's agents' reliance.

36. Answering paragraph 36, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

**COUNT IV**

**(BREACH OF EXPRESS WARRANTY)**

37. Answering paragraph 37, Lilly incorporates by reference, as though fully set forth herein, its answers to paragraphs 1-36 of Plaintiff's Complaint.

38. Answering paragraph 38, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

39. Answering paragraph 39, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

40. Answering paragraph 40, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's and Plaintiff's physicians' reliance. Lilly denies the remaining allegations in this paragraph.

**COUNT V**

**(FRAUD)**

41. Answering paragraph 41, Lilly incorporates by reference, as though fully set forth herein, its answers to paragraphs 1-40 of Plaintiff's Complaint.

42. Answering paragraph 42, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

43. Answering paragraph 43, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

44. Answering paragraph 44, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

45. Answering paragraph 45, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiff's and Plaintiff's physicians' reliance. Lilly denies the remaining allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

46. Answering paragraph 46, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

47. Answering paragraph 47, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

## COUNT VI

## (NEGLIGENT MISREPRESENTATION)

48. Answering paragraph 48, Lilly incorporates by reference, as though fully set forth herein, its answers to paragraphs 1-47 of Plaintiff's Complaint.

49. Answering paragraph 49, Lilly (i) admits only that it had and has a duty to exercise reasonable care in the research, testing, development, manufacture, labeling, marketing and sale of Zyprexa® and (ii) denies that it breached any such duty. Lilly is without knowledge or information as to Plaintiff's meaning of the term "absolute duty" and therefore denies the allegations in this paragraph regarding the existence of such a duty. Lilly is without knowledge or information as to Plaintiff's meaning of the phrase "the representations as set forth above" and

therefore denies the allegations in this paragraph regarding such undefined representations. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

50. Answering paragraph 50, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

51. Answering paragraph 51, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding (a) Plaintiff's meaning of the phrase "these representations," (b) the dates on which unspecified representations were allegedly made to Plaintiff's physicians, (c) the dates on which Plaintiff's physician allegedly prescribed Zyprexa® to Plaintiff, and (d) Plaintiffs' physicians' alleged reliance on "these representations."

52. Answering paragraph 52, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

53. Answering paragraph 53, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

54. Answering paragraph 54, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

55. Answering paragraph 55, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

56. Answering paragraph 56, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding (a) Plaintiff's meaning of the phrase "these representations," (b) the dates on which unspecified representations were allegedly made to Plaintiff's physicians, (c) the dates on which Plaintiff's physician allegedly prescribed Zyprexa® to Plaintiff, and (d) Plaintiffs' physicians' alleged reliance on "these representations," and (e) the knowledge of Plaintiff and Plaintiff's physicians. Lilly denies the remaining allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

57. Answering paragraph 57, Lilly denies the allegations in this paragraph. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph that are directed to the fictitious defendants.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

Venue may be incorrect and improper in this judicial district.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, Plaintiff's prescribing physicians were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa®.

**FIFTH DEFENSE**

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence, acts or omissions of Plaintiff and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions or omissions of Plaintiff and/or others, which by comparison was far greater than any conduct alleged as to Lilly.

**SIXTH DEFENSE**

Some or all of Plaintiff's claimed damages and/or injuries are or may be subject to the defense of failure to mitigate damages.

**SEVENTH DEFENSE**

Plaintiff's claims are preempted by federal law in that Zyprexa® was researched, tested, developed, manufactured, labeled, marketed and sold in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to

Section 402A of the RESTATEMENT (SECOND) OF TORTS and/or barred by the doctrines set forth in the RESTATEMENT (THIRD) OF TORTS.

**NINTH DEFENSE**

Any breach of warranty claims are barred because there is no privity of contract between the Plaintiff and Lilly; Plaintiff failed to give timely notice of any alleged breach of warranty to Lilly; Plaintiff did not reasonably rely upon any alleged warranty; Plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

**TENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the Rhode Island Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article I, sec. 21 of the Rhode Island Constitution because Lilly's commercial speech regarding Zyprexa® was neither false nor misleading.

**ELEVENTH DEFENSE**

Lilly alleges that Plaintiff was fully informed of the risks of the use of the product made the subject of this action by the treating physicians, and the informed consent and/or release given by Plaintiff is pleaded as a defense.

**TWELFTH DEFENSE**

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Zyprexa®, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the

relief prayed for in the Plaintiff's Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

**THIRTEENTH DEFENSE**

To the extent Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001).

**FOURTEENTH DEFENSE**

The proximate cause of Plaintiff's alleged injuries was a modification or alteration of the products at issue, which was not reasonably expected by Lilly. Plaintiff's claims are barred in whole or in part by the provisions of R.I. Gen. Laws § 9-1-32 and/or the corresponding laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

**FIFTEENTH DEFENSE**

Plaintiff's claims against Lilly are barred because Plaintiff knowingly and voluntarily assumed and/or incurred the risk of injury and Plaintiff's claims are barred or should be reduced under the principles of assumption of risk and/or informed consent.

**SIXTEENTH DEFENSE**

Based on the state of scientific, medical, and technological knowledge existing at the time Zyprexa® was allegedly ingested by Plaintiff, it was reasonably safe for its normal and foreseeable use at all relevant times, or in light of existing reasonably available medical, scientific, and technological knowledge.

**SEVENTEENTH DEFENSE**

Any injuries or expenses incurred by Plaintiff were not caused by Lilly, but may have been proximately caused, in whole or part, by the unforeseen alteration, unintended use, misuse or abuse of the products referenced in Plaintiff's complaint. Plaintiff's claims are barred in whole or in part by the provisions of R.I. Gen. Laws § 9-1-32 and/or the corresponding laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

**EIGHTEENTH DEFENSE**

In the unlikely event that Lilly is found liable to the Plaintiff, Lilly is entitled to a credit or offset for any and all sums that the Plaintiff has received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action. Lilly alternatively asserts its right to a proportionate reduction of any damages based on comparative fault or the percentage of negligence attributable to Plaintiff or to any settling tortfeasor under Rhode Island law and/or the laws of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred by the state-of-the-art defense.

**TWENTIETH DEFENSE**

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which

are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h) the award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law;

(i) the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty; and

(j) the imposition of punitive damages against Lilly in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

**TWENTY-FIRST DEFENSE**

With respect to Plaintiff's demand for punitive or exemplary damages, Lilly specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 530 U.S. 408 (2003).

**TWENTY-SECOND DEFENSE**

Plaintiff's claims for punitive damages are barred and/or limited by the Due Process Clause of the United States Constitution and Art. I, sec. 2 and Art. I, sec. 12 of the Constitution of the State of Rhode Island.

**TWENTY-THIRD DEFENSE**

Plaintiff has failed to state a claim for punitive damages against Lilly upon which relief may be granted.

**TWENTY-FOURTH DEFENSE**

Plaintiff is not entitled to punitive damages from Lilly pursuant to the facts as alleged in the Complaint.

**TWENTY-FIFTH DEFENSE**

Some or all of Plaintiff's claims may be barred, in whole or in part, by a superceding intervening cause.

Lilly hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

WHEREFORE, defendant Eli Lilly and Company requests that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorneys' fees as may be allowed in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

**DEMAND FOR JURY TRIAL**

Defendant Eli Lilly and Company hereby demands a trial by jury of all issues triable by jury.

Dated: May 7, 2007

ELI LILLY AND COMPANY
By its attorneys,

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
procha@apslaw.com
KATY A. HYNES (#6659)
khynes@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

**Certificate of Service**

I hereby certify that I caused to be served on the 7th day of May, 2007 a true copy of the within document via first class mail, postage prepaid, on Brian R. Cunha, Esq., Brian Cunha & Associates, 311 Pine Street, Fall River, MA 02720.

Debra Human

*416747_1.doc*